# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | IN PROCEEDINGS UNDER CHAPTER 7 |
| | ) | |
| THOMAS CUTURA, | ) | CASE NO. 20-10197-jps |
| | ) | |
| Debtor | ) | U.S. BANKRUPTCY JUDGE |
| | ) | JESSICA E. PRICE SMITH |
| MICHAEL S. ROTH and | ) | |
| MARY P. ROTH | ) | |
| 36845 Kinzel Road | ) | |
| Avon, Ohio 44011 | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiffs | ) | NUMBER 20-01 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS CUTURA | ) | |
| 4491 Sir Richard Avenue | ) | |
| North Royalton, Ohio 44133 | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Now come the Plaintiffs, Michael S. and Mary P. Roth (hereinafter referred to as "Roth"), by and through their counsel, and, for their complaint herein, state the following:

1. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C.

Sections 1334(b), 157(a), and 157(b) and, in this District, upon General Order Number 2012-7, in that this action arises in the bankruptcy case of Thomas Cutura, Debtor, filed on January 12, 2020 as a case under Chapter 7 of the Bankruptcy Code, and being Case Number 20-10197-jps, presently pending before this Court.

2. The within adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. Sections 157(b)(2)(I) and (J).

3. Roth is a creditor of the Defendant, Thomas Cutura (hereinafter "Defendant"), being owed the sum of $22,500.00 plus such other damages as may be determined at the trial of this matter.

### Facts

4. Roth hereby reincorporates the allegations contained in paragraphs 1 through 3 herein as if fully rewritten herein at length.

5. At all times mentioned, the Defendant was the owner of Assurance Roofing and More, LLC, dba Assurance Roofing & Remodeling.

### The Agreement

6. On or about August 8, 2018, the Defendant, as owner of Assurance Roofing & Remodeling, entered into a written contract, a copy of which is attached hereto as "Exhibit A" (hereinafter the "Contract"), whereby Roth hired the Defendant to perform various repairs and improvements to Roth's property located at 36845 Kinzel Road, Avon, Ohio (hereinafter referred to as the "Property").

7. On or about August 15, 2018, Roth paid the Defendant the sum of $22,500.00 as a down payment upon the Contract.

8. The Defendant failed to perform the work pursuant to the Contract and the minimal work

performed by the Defendant is incomplete, faulty, and has not passed inspection by the City of Avon, Ohio.

9. The Defendant refused to complete the work and has refused to refund monies to Roth.

10. The Defendant knowingly and falsely represented to Roth that he would obtain the necessary permits and approvals from the City of Avon, Ohio to do the work contemplated by the Contract.

11. The Defendant knowingly and falsely represented to Roth that Assurance Roofing & Remodeling was licensed in the State of Ohio to perform various repairs and improvements to the Property.

12. The Defendant did not obtain a permit from the City of Avon to do the construction work pursuant to the Contract at the Property, despite the fact that he had started the construction work at the Property.

13. Roth reasonably relied upon such misrepresentations by the Defendant in entering into the Contract and in making payment to the Defendant.

14. Due to their reliance upon the misrepresentations of the Defendant, Roth has suffered a loss in the total sum of $22,500.00 plus such other damages as may be determined at the trial of this matter.

15. Despite demands by Roth to the Defendant for payment of said sum, the Defendant has failed to pay Roth any part thereof.

16. As a direct and proximate result of the Defendant's fraud and misrepresentations, Roth was induced to enter into the Contract with the Defendant, to pay the Defendant the sum of $22,500.00 under the Contract, and to permit the Defendant to begin work at the Property, which

resulted in losses to Roth totaling $22,500.00 plus such other damages as may be determined at the trial of this matter.

## Count One

17. Roth hereby reincorporates the allegations contained in paragraphs 1 through 16 herein as if fully rewritten herein at length.

18. The obligation currently owed by the Defendant to Roth is not dischargeable in this bankruptcy case pursuant to the provisions of Section 523(a)(2)(A) of the Bankruptcy Code.

## Count Two

19. Roth hereby reincorporates the allegations contained in paragraphs 1 through 18 herein as if fully rewritten herein at length.

20. The obligation owed by the Defendant to Roth is not dischargeable in this bankruptcy case under the provisions of Section 523(a)(4) of the Bankruptcy Code.

**WHEREFORE**, the Plaintiffs, Michael S. and Mary P. Roth, pray this Honorable Court for the following relief:

1. Grant judgment in favor of the Plaintiffs, Michael S. and Mary P. Roth, and against the Defendant, Thomas Cutura, determining the debt owed by the Defendant to the Plaintiffs to be nondischargeable under the provisions of Section 523(a)(2)(A) of the Bankruptcy Code.

2. Grant judgment in favor of the Plaintiffs, Michael S. and Mary P. Roth, and against the Defendant, Thomas Cutura, in the sum of $22,500.00 plus such other damages as may be determined at the trial of this matter, plus the costs incurred herein of $350.00.

3. Grant the Plaintiffs such other and further relief as this Court may deem just.

/s/ Stephen D. Hobt

---

STEPHEN D. HOBT
(Ohio Bar Registration No. 0007681)
Attorney for Plaintiffs
55 Public Square, Suite 1055
Cleveland, Ohio 44113-1901
(216) 771-4949
(216) 771-5353 (facsimile)
Email address: shobt@aol.com

**5**